THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| Craig Gordon,<br><br>                    Plaintiff,<br><br>v.<br><br>Employer's HR, et al.,<br><br>                    Defendants. | MEMORANDUM DECISION AND ORDER<br><br>Case No.  2:25-cv-00790-DBP<br><br><br>Magistrate Judge Dustin B. Pead |

This matter comes before the court on Defendants' respective Motions to Dismiss for Failure to Prosecute and Comply with Court Order.[1] The court will deny the motions. However, the court enters sanctions against Plaintiff and warns that further failures to prosecute this case may result in severe sanctions including dismissal.

On April 28, 2026, the court entered an Order to Propose Schedule requiring Plaintiff to propose a schedule to Defendants within 14 days after the first answer to the complaint is filed.[2] Plaintiff failed to comply and on June 5, 2026, and June 17, 2026, Defendants filed their respective Motions to Dismiss for failure to prosecute and comply with the court's order. On July 1, 2026, Plaintiff responded to the Motions agreeing that he failed to comply with the court's order and seeking to get the case back on track. Plaintiff argued that under the factors set out in *Erenhaus v. Reynolds*[3] dismissal is improper.

---

[1] ECF No. 28, ECF No. 29. This case is before the undersigned pursuant to DUCivR 72-3 for disposition of all matters. ECF No. 4.

[2] Order to Propose Schedule, ECF No. 21.

[3] 965 F.2d 916 (10th Cir. 1992).

In *Erenhaus*, the Tenth Circuit considered whether dismissal as a sanction was proper following the plaintiff's failure to appear for a scheduled deposition. The Tenth Circuit held the district court acted within its discretion in dismissing the case as a sanction. The *Erenhaus* court set forth the following factors that should ordinarily be considered when deciding whether dismissal is an appropriate sanction. The *Erenhaus* factors, as they are often called, include:

> (1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions.[4]

"These factors do not constitute a rigid test; rather, they represent criteria for the district court to consider prior to imposing dismissal as a sanction."[5]

Here the court finds the degree of prejudice to Defendants is minimal at this point arising mostly from delay. Next, the amount of interference with the judicial process is also minimal although if Plaintiff continues to fail to prosecute his case this will continue to rise. Third, Plaintiff's counsel accepts culpability for his failure to prosecute rather than Plaintiff. Plaintiff's counsel's actions are attributable to Plaintiff and Plaintiff's counsel is warned that he should exercise more diligence in prosecuting this matter. Fourth, the court has yet to warn Plaintiff that dismissal of this case would be a likely sanction for noncompliance. The court does warn Plaintiff and Plaintiff's counsel at this time that dismissal will occur if there are continued failures to prosecute this case. Finally, lesser sanctions have yet to be entered.

The court agrees with Plaintiff that currently dismissal is too harsh of a sanction. As recognized by the Tenth Circuit, "dismissal represents an extreme sanction appropriate only in

---

[4] *Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992) (citation modified).

[5] *Id.*

2

cases of willful misconduct."[6] However, under Federal Rule 37(b)(2)(C) the court may order reasonable expenses for a failure to comply with a court order. Defendants are awarded their reasonable fees in filing their respective Motions to Dismiss. Defendants are to submit their respective affidavits to the court within fourteen days outlining the fees associated solely with the filing of the two Motions to Dismiss that prompted Plaintiff to respond.

## ORDER

Defendants' respective Motions to Dismiss for Failure to Prosecute are DENIED.

Defendants are awarded their fees associated with the filing of the two motions based on Plaintiff's failure to abide by court order, failure to diligently prosecute this case, and only responding after the Motions were filed.

IT IS SO ORDERED.


DATED this 21 July 2026.


_____
Dustin B. Pead
United States Magistrate Judge

---

[6] *Id.* at 920.

3