THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| CRAIG GORDON,<br><br>Plaintiff,<br>v.<br><br>EMPLOYER'S HR, LLC, aka EMPLOYERS PERSONNEL, LLC, MALEKO PERSONNEL, INC., and METRO GROUP, INC..,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER<br><br>Case No. 2:25-cv-790 TC DBP<br><br>District Judge Tena Campbell<br><br>Magistrate Judge Dustin B. Pead |

On July 21, 2026, the court denied the respective motions from Defendants to dismiss this matter for failure to prosecute.[1] The court found that under the factors set forth in *Erenhaus v Reyonlds*[2] dismissal was improper. However, the court awarded Defendants their attorney fees associated with the filing of the two motions to dismiss based on Plaintiff's failure to abide by the court's order and to diligently prosecute this case. On August 4, 2026, Defendants filed their respective Motions for Attorney Fees.[3]

Defendant Metro Group, Inc. moves the court for $1,993.50 in attorney fees arising from 5.3 hours incurred in preparing and filing the Motion to Dismiss for Failure to Prosecute and to

[1] Memorandum Decision and Order, ECF No. 33.

[2] 965 F.2d 916 (10th Cir. 1992). The Erenhaus factors, as they are often called, include: "(1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions." *Id.* at 921.

[3] ECF No. 35, ECF No. 36.

comply with the court's order. The court has reviewed the Motion and the affidavit and finds them to be reasonable. Accordingly, Metro Group's Motion is GRANTED.[4]

Defendant Maleko Personnel, Inc. also moves the court for an award of attorney fees and costs that arose from preparing the Motion to Dismiss. Maleko seeks $6,944 in attorney fees and $0 in costs arising from 21.6 hours of work in preparing and filing the Motion to Dismiss. The court has carefully reviewed the affidavit Maleko offers in support of its Motion. Although the hourly rates are comparable to Defendant Metro Group, Inc.'s request, the amount of time submitted for preparing the Motion is nearly four times that submitted by Metro Group. Maleko's initial Motion is longer than Metro's Motion, however, the total number of pages submitted by Defendants when considering the initial Motions and the reply memoranda are similar in total length. The court is not persuaded that it should award Maleko fees for 21.6 hours of work. Instead, the court will reduce the hours to 10.3, so they are more in line with Metro's work on the same motion to dismiss. Maleko's Motion for Attorney Fees is therefore granted in part.[5]

[4] ECF No. 35.

[5] ECF No. 36.

## CONCLUSION and ORDER

Metro's Motion for Attorney Fees in the amount of $1,993.50 is GRANTED.

Maleko's Motion for Attorney Fees is GRANTED IN PART. Maleko is awarded $3,311.26 in attorney fees.

IT IS SO ORDERED.[6]

DATED this 8 September 2026.

Dustin B. Pead
United States Magistrate Judge

[6] Although not specifically required in the court's order awarding attorney fees, Plaintiff has not filed any response to Defendants' respective requests for attorney fees and the time to do so has passed.